IN THE UNITED STATES DISTERICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRIE G. MAGRUDER                                                    PLAINTIFF

VS.                                                  CIVIL NO. 3:18-CV-588 HTW-LRA

ELLIOT H. BRASHIER and
ALLSTATE INSURANCE                                                    DEFENDANTS
COMPANY

## ORDER SEVERING CLAIMS AND GRANTING PARTIAL REMAND

Before this court is the motion of the Defendant, Allstate Insurance Company (hereafter "Allstate"), "to sever claims and partially remand to state court" **[doc. no. 5].** Allstate filed its motion on August 28, 2018; so, the response to the motion was due on or before September 11, 2018. The Plaintiff, Jerrie G. Magruder (hereafter "Magruder"), has not filed a response to the motion. Under Local Uniform Civil Rule 7(b)(3)(E)[1], the Court may grant any non-dispositive motion as unopposed if a party fails to respond to it. This motion now before this court, therefore, may be granted as "unopposed." This court independently of this consequence has determined that an additional reason exists for the appropriate grant of the motion.

---

[1] Local Uniform Civil Rule 7(b)(3) states in pertinent part:
**(3) Responses**
**(A)** A response to a motion, all affidavits, 28 U.S.C. § 1746 declarations, the response memorandum and other supporting materials, including any objections, must be filed of record. Within the time allowed for response, the opposing party must either respond to the motion or notify the court of its intent not to respond.
. . .
**(E)** If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed.
L.U.Civ.R. 7(b)(3)(E).

FACTUAL AND PROCEDURAL BACKGROUND

Magruder filed the instant lawsuit on August 3, 2018, in the Circuit Court of Hinds County, Mississippi ("state court"). An automobile accident forms the backdrop for this action. Magruder, the Plaintiff, alleges that Defendant Elliot H. Brashier (hereafter "Brashier") negligently caused the vehicle he was driving to collide with the vehicle in which Magruder was riding as a passenger. Brashier, says Magruder, is an underinsured motorist tortfeasor, thus entitling Magruder to recover under his Underinsured Motorist ("UM") coverage with Allstate. Allstate did not pay Magruder under his UM policy; thus, Magruder brought this suit against Allstate alleging: breach of contract; breach of the duty of good faith and fair dealing; bad faith; and breach of fiduciary duty. Magruder has settled with Brashier, the underinsured driver.

Allstate removed the suit from state court to this United States District Court on August 27, 2018, asserting "diversity of citizenship" as grounds for federal subject matter jurisdiction. Title 28 U.S.C. §1332[2] establishes federal court jurisdiction over cases and controversies involving citizens of different states, where the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest. The Plaintiff, Magruder, is a Mississippi resident. Allstate is incorporated in the state of Delaware and maintains its principal place of business in Illinois, and is, therefore, a citizen of a state different from that of Plaintiff's. Defendant Brashier, like Plaintiff, is a resident of Mississippi. This indenticality of Mississippi citizenship enjoyed by Plaintiff and Brashier would destroy complete diversity; but Allstate claims Brashier is not a proper party to this litigation. Allstate reasons as follows: [b]ecause these claims arise from distinct events, involving different questions and proofs, fraudulent misjoinder and also

---

[2] **28 U.S.C. § 1332  Diversity of citizenship; amount in controversy; costs**
(a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
    (1)   citizens of different States; . . .

fraudulent joinder of claims apply." *Memorandum in Support of Motion to Sever Claims and Partially Remand* [doc. no. 6 at p.1]. The Mississippi Supreme Court said in *Hegwood v. Williamson*, 949 So. 2d 728, 732 (Miss. 2007), that where a plaintiff injured in a car wreck joins the negligence claims against the other driver with the bad faith claims against the insurance company in one suit, severance is required. See *Hampton v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11233043 at *2 (S.D. Miss. Sept. 24, 2015) (negligence claims against the driver must be severed from the bad faith claims against the insurance company)(citing *Hegwood v. Williamson*, 949 So. 2d 728, 732 (Miss. 2007)); *Tolbert v. State Farm Mut. Aut. Ins. Co.,* 2015 WL 3450524 at *3 (N.D. Miss. Mar, 29. 2015)( a claim of negligence against a defendant automobile driver, and claims against an insurer for breach of contract and bad faith involve distinct litigable events that involve different factual and legal issues)(citing *Hegwood,* 949 So.2d at 731); *Cartwright v. State Farm Mut. Auto Ins.,* Co., 2014 WL 6959045 at *7 (N.D. Miss. Dec. 8, 2014) (negligence claims against a defendant driver and breach of contract and bad faith claims against a liability insurer, while arising out of the same accident, "involve different factual issues and different legal issues.") (quoting *Hegwood,* 949 So.2d at 731).

Allstate then has a point. Plaintiff's claims against Brashier are based on a vehicular accident, where, to win, Plaintiff must establish negligence of the driver. On the other hand, Plaintiff's claims against Allstate are based on a contract dispute, a quarrel which questions and criticizes Allstate's claim-handling process. Clearly, these claims are distinct. They involve separate facts, have different elements, and different legal standards. Although Allstate is the Defendant in both cases and although the accident spawned both claims, this court is persuaded that the two claims pose such juridical separateness that they must be severed.

The parties have requested a jury trial. One jury presiding over both claims would be tasked with two sets of instructions on the involved law and two sets of witnesses. These claims must be severed. A severance would leave us with two distinct lawsuits: Magruder versus Brashier and Magruder versus Allstate. The parties in Magruder versus Brashier are not diverse in citizenship; thus, this lawsuit, as argued by Allstate, must be remanded to state court.

The second lawsuit features diverse parties. No party disputes this statement.

Still, federal subject matter jurisdiction over this second lawsuit under §1332, requires an amount in controversy exceeding $75,000.00 exclusive of interest and costs. Magruder does not plead a specific amount of damages against Allstate in his Complaint. The Complaint, however, includes claims for bad faith and demands punitive damages. *Complaint* [doc. no. 1-1 at ¶¶ 4.8 and 5.1]. Such claims are generally held to exceed the federal jurisdictional amount. See e.g., *Paris v. Bevard*, 2015 WL 3885501*1-2 (S.D. Miss. 2015) ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum,"). See also *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d at 1250, 1253-55(5th Cir. 1998) (plaintiff's punitive damages are included in calculation of amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d at 423, 428-29 (N.D. Miss. 1998); *Allstate Ins. Co. v. Hilbun,* 692 F.Supp. 698, 701 (S.D. Miss. 1988). Further, it is to be noted, once again, that Magruder did not file a response to the motion to sever and partially remand. Therefore, Allstate's claim that the jurisdictional amount for diversity is met is not refuted by Plaintiff.

## CONCLUSION

For all the reasons stated herein, this court hereby **grants** Allstate's motion **[doc. no. 5]** to sever and partially remand. Plaintiff's claims against Elliot H. Brashier are severed and remanded to the Circuit Court of Hinds County, Mississippi. The claims against Allstate will proceed in this court. Those parties are directed to contact the assigned Magistrate Judge within ten (10) days of this Order to obtain a Scheduling Order.

SO ORDERED AND ADJUDGED, this the \_\_\_\_\_ day of _____, 2019.

s/_____
UNITED STATES DISTRICT JUDGE